NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 21, 2015[*]
Decided April 22, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 15-1117

| | |
|---|---|
| BODIE WITZLIB,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>KATHY DAVIS and JAMES JUEDS,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Eastern District of Wisconsin.<br><br>No. 15-C-07<br><br>William C. Griesbach,<br>*Chief Judge.* |

**O R D E R**

Bodie Witzlib appeals the dismissal of his complaint under 42 U.S.C. § 1983 alleging a violation of the Double Jeopardy Clause in connection with his license being suspended twice for the same traffic incident. The district court dismissed the complaint for failure to state a claim. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Witzlib alleges that a Wisconsin police officer pulled him over for speeding in 2011 and issued him two municipal tickets, one for driving with a suspended license and another for driving with an expired registration. A local traffic court assessed a fine for each ticket, but Witzlib refused to pay either fine. He alleges that one ticket was forwarded to the Wisconsin Department of Transportation, resulting in his license being suspended for two years. After this suspension ended, Witzlib alleges, the defendants forwarded the second ticket to the Department, resulting in another two-year suspension.

Witzlib filed a federal lawsuit challenging the second two-year suspension as a successive punishment for the same offense punished by the first suspension; he named the judge and clerk of the traffic court as defendants. The district court screened the complaint, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and dismissed it for failure to state a claim because Witzlib's traffic offenses are civil infractions, and double jeopardy does not apply to civil proceedings.

On appeal Witzlib disputes the conclusion that double jeopardy does not apply and maintains that his case is criminal in nature, not civil. But even if we assume his offense to be criminal, he cannot allege that his double-jeopardy rights have been violated. Double jeopardy "protects only against the imposition of multiple criminal punishments for the same offense." *Hudson v. United States*, 522 U.S. 93, 99 (1997) (internal citations omitted); *see United States v. Van Waeyenberghe*, 481 F.3d 951, 958 (7th Cir. 2007). The punishments imposed on Witzlib were based on two separate offenses—driving with a suspended license and driving with an expired registration. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932); *United States v. Taylor*, 777 F.3d 434, 439 (7th Cir. 2015). Thus, the Double Jeopardy Clause would not prohibit Witzlib's successive punishments.

In his appellate appendix, Witzlib includes a motion for appointment of counsel. But Witzlib has not shown that he "made reasonable efforts to retain counsel" or has "been effectively precluded from making such efforts." *See Pruitt v.* Mote, 503 F.3d 647, 654 (7th Cir. 2007). The motion is denied.

We have reviewed Witzlib's remaining contentions, and none has merit.

AFFIRMED.